IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40613
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHELTON LAMONT WILLIAMS a/k/a Sheldon Williams,
a/k/a Kilo,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CR-1-1
- - - - - - - - - -
January 8, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges

PER CURIAM:[*]

    Shelton L. Williams appeals from his conviction of
possession with intent to distribute crack cocaine and conspiracy
to possess with intent to distribute crack cocaine.  Williams
contends that the evidence was insufficient to support his
conviction; that the district court erred by admitting evidence
of his previous drug convictions and erred by failing to balance
the probative value of the previous convictions against their
prejudicial effect; that he received ineffective assistance of

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

counsel; and that the Government engaged in misconduct during its rebuttal argument.

Williams's attorney moved for acquittal at the close of the government's case, but did not renew that motion at the close of all of the evidence. To prevail on Williams's current sufficiency of the evidence claim, then, Williams must show that the record is "devoid of evidence" pointing to his guilt. *United States v. Shannon*, 21 F.3d 77, 83 (5th Cir. 1994). The record on appeal contains ample evidence pointing to Williams's guilt on both the charge of possession with intent to distribute cocaine and the conspiracy charge. The police officers found crack cocaine, scales, and packaging materials in apartment 3-C of the Palm Terrace apartments while Williams and others were present. Officers found Williams's personal items in a bedroom, suggesting that Williams was an occupant of the premises along with Stevens. Williams's prior cocaine-related convictions provide evidence of his knowledge and intent to participate in drug activities. This record is sufficient for the jury to infer that Williams constructively possessed the cocaine and voluntarily participated in the conspiracy to distribute cocaine. *See United States v. Cardenas*, 9 F.3d 1139, 1158 (5th Cir. 1993); *United States v. Alix*, 86 F.3d 429, 436 (5th Cir. 1996).

Next, Williams argues that the district court erred in admitting evidence of his prior drug-related convictions. Williams did not request an on-the-record balancing of the probative value and the prejudicial effect of his previous convictions. The district court need not have conducted an on-

the-record balancing test.  *United States v. Fox*, 69 F.3d 15, 20 (5th Cir. 1995).  We find that Williams's prior convictions were sufficiently similar to the charges against him in the present case to be probative of his intent or knowledge.  The convictions were admissible.  *United States v. Willis*, 6 F.3d 257, 262 (5th Cir. 1993).

Williams also argues that he received ineffective assistance from his trial counsel.  As a general rule, we will not consider a Sixth Amendment ineffective assistance of counsel claim on direct appeal when it was not raised in the district court. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). We will consider this argument on direct appeal only in the rare case in which the record is adequately developed so that the merits of the claim may be fairly considered.  *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). This is not one of those rare cases.  Williams's claims that counsel failed to cross-examine witnesses or use evidence adequately are insufficiently developed on the record for this court to consider them on direct appeal.  *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987).  Williams's contention that counsel failed to move for acquittal at the close of the Government's case lacks a factual basis; counsel made such a motion.

Williams did not object to the Government's rebuttal argument; his contention of prosecutorial misconduct therefore is reviewed for plain error.  *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994), *cert. denied*, 513 U.S. 1196 (1995). The prosecutor's remark that Williams had time to take crack

cocaine and throw it to the floor was a permissible inference from the evidence and did not cast serious doubt on the jury's verdict.  *United States v. Rocha*, 916 F.2d 219, 234 (5th Cir. 1990).

The judgment is AFFIRMED.